IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL BLISS                                                                                          PLAINTIFF

        v.                              Civil No. 13-2037

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

    Plaintiff, Michael Bliss, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

    The Plaintiff filed his applications for DIB and SSI on January 14, 2008, and December 2008, respectively, alleging an onset date of September 1, 2005, due to a heart condition, high blood pressure, degenerative disk disease ("DDD"), chest pain, and migraines. Tr. 58, 85, 542. His claims were denied both initially and upon reconsideration. An administrative hearing was then held on February 24, 2009, resulting in an unfavorable decision on July 7, 2009. Tr. 8-9, 41, 370-423. The matter was appealed to this Court and remanded on January 12, 2012, for

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

further reconsideration of the evidence indicating that Plaintiff required a sit/stand option due to his back pain.[2]

A remand hearing was held on July 23, 2012. Tr. 540-569. Plaintiff was present and represented by counsel. At this time, he was 36 years of age and possessed a high school education with past relevant work ("PRW") as a mechanic's helper, lube servicer and tire changer, production laborer, appliance assembler, and auto mechanic. Tr. 58, 86, 90, 395-401, 431.

On November 20, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's complaints of chest pain on heavy lifting status post repair of congenital pulmonic stenosis along with a level of low back discomfort and moderately controlled high blood pressure did not meet or equal any Appendix 1 listing. Tr. 429-431. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform the full range of light work. Tr. 431-435. Utilizing the Medical-Vocational Rules, the ALJ concluded Plaintiff was not disabled. Tr. 436.

Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 15, 17.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary

---

[2] We realize that this matter was originally remanded by Magistrate Judge Barry Bryant. However, due to time constraints and the fact that this case does not involve an electronic record, the undersigned has chosen to rule on this matter.

2

II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

3

### A. The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III. Discussion:

In the Commissioner's February 24, 2009, decision, the ALJ concluded that Plaintiff could perform unskilled sedentary work with environmental and postural limitations. Tr. 14. As previously noted, the case was appealed to this court and remanded for further consideration of Plaintiff's RFC. The remand order specifically directed reconsideration of the evidence indicating that Plaintiff also needed a sit/stand option due to his back pain and a reevaluation of Plaintiff's subjective complaints.

In reviewing the ALJ's decision on remand, we note that he concluded Plaintiff could perform a full range of light work with no postural or environmental limitations. And, he dismissed the opinions of Drs. William Swindle and Ronald Myers, the only two doctors who examined Plaintiff and provided RFC assessments. The ALJ reasoned that the conservative

4

nature of Plaintiff's treatment; his failure to seek out treatment for his back pain since July 2010; his failure to necessitate prescription pain medication on a regular basis; his reliance on over-the-counter medications; and, his reported activities weighed against his disability claim. However, the ALJ acknowledged that a CT scan of Plaintiff's lumbar spine revealed a left paracentral disk herniation at the L5-S1 level, mild canal stenosis at the L4-5 level due to moderate disk bulge, and facet ligamentum flavum hypertrophy. Tr. 270. He also noted that an x-ray conducted in January 2008 showed some evidence of scoliosis, and the examination by Dr. Swindell showed a limited range of motion in Plaintiff's lumbar spine, a limited range of motion in Plaintiff's right ankle, and difficulty squatting and arising from squatting position for which he assessed Plaintiff with moderate to severe limitations. Tr. 184. Further, Dr. Myers' exam revealed decreased flexion-extension in the lumbar spine, paraspinal muscle spasms, and restrictions to walking on heels and toes on the right foot. Tr. 312-316. And, in spite of this evidence, the ALJ opted to give significant weight to the assessment of a non-examining physician, concluding Plaintiff could perform a full range of light work. Tr. 170-177. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence).

We do not find substantial evidence to support the ALJ's reliance on this RFC determination, and can not say that he followed the previous mandate of this Court. The fact that Plaintiff had not sought out recent treatment for his back condition or did not necessitate the use of prescription pain medication weighs against his credibility with regard to his claim of disability. It does not, however, negate the medical findings. RFC, as opposed to credibility, is the most a claimant is capable of doing, taking into consideration both his severe and non-severe

physical and mental limitations. 20 C.F.R. § 404.1545(a). And, it"is not the ability merely to lift weights occasionally in a doctor's office; it is the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc).[3] Given Plaintiff's objective findings, it seems clear to the undersigned that postural limitations must be imposed, and his need for a sit/stand option must be explored. Accordingly, on remand, the ALJ is directed to revisit Plaintiff's RFC. Because he has chosen to dismiss the only two RFC assessments completed by examining doctors, a consultative examination shall be ordered to ascertain Plaintiff's true limitations.

## V.    Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of January 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] And, we can not say that Plaintiff's ability to "piddle" in an automotive shop 6 to 10 hours per week with numerous breaks that does not rise to the level of substantial gainful activity evidences his ability to perform these activities 8 hours per day.